UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS FALCONE<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER,<br><br>    Defendant. | Case No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Nicholas Falcone, by and through his attorney, Christi Wallace, Esq., of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows.

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12203 (2009) and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*.

### II. Jurisdiction and Venue

2. This action arises under the ADA, 42 U.S.C. §§ 12101-12203. This Court has Jurisdiction over Plaintiff's Discrimination claims pursuant to 28 U.S.C. § 1331. Jurisdiction for Plaintiff's claim of violation of the PHRA is proper under supplemental jurisdiction, 28 U.S.C. § 1376.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff, Nicholas Falcone (hereinafter "Plaintiff"), is an adult individual who currently resides at 12 Keswick Avenue, Pittsburgh, PA 15202.

5. Defendant, the University of Pittsburgh Medical Center (hereinafter "Defendant") is a Pennsylvania non-profit organization located at 600 Grant Street, Floor 59, Pittsburgh PA 15219.

### IV. Facts

6. Plaintiff started working for Defendant in December 2013 as a Buyer 1.

7. Plaintiff suffers from Femoral Acetabular Impingement (FAI) and multiple labral tears of the hips.  These medical conditions make it necessary for him to alternate between standing and sitting, and to sit in a supine position with his feet up, in order to ensure that his symptoms, which include but are not limited to severe pain, do not progress.

8. Plaintiff missed work due to being disabled from approximately August 1, 2015 until approximately October 6, 2015.

9. On or about August 1, 2015, Plaintiff was approved for Short Term Disability ("STD") for 30 days because he was quite symptomatic and required more intensive physical therapy.

10. On or about September 1, 2015, Plaintiff was reevaluated by both his Doctor and Physical Therapist, both of whom suggested he take another 30 days.

11. On or about October 5, 2015, Defendant denied Plaintiff's STD benefits.

12. Plaintiff was approved to return to work on or about October 6, 2015, and the next day requested and was approved for a chair to help alleviate his symptoms, however, the chair did not improve his symptoms.

13. On or about December 8, 2015, Plaintiff attempted to work out a way to work from home as needed, which is readily available in his department. Defendant did not work this out with Plaintiff and he was not allowed to work from home.

14. Since his return from leave, Plaintiff repeatedly asked for reasonable and necessary accommodations from Defendant. The following are certain examples of times when Plaintiff asked Defendant to work from home as needed as a reasonable and necessary accommodation for his disability:

   a. On or about March 30, 2015, Plaintiff submitted a "Request for Accommodation Form for Applicants and Staff Member," wherein he asked for the reasonable and necessary accommodation of working from home. On or about June 29, 2015, he received a letter from Kelly Dennis (Ms. Dennis), Disability Management Coordinator at Defendant, denying his request to work from home.

   b. Plaintiff had multiple conversations with Defendant's ADA department (Work Partners) between on or about June 29, 2015, and on or about January 2016, and his requests to work from home, which were reasonable and necessary accommodations, were repeatedly denied.

   c. On or about March 30, 2016, Plaintiff submitted another request to Defendant wherein he asked for Defendant to allow him to work from home as a reasonable and necessary accommodation for his disability. This request

included a letter from Plaintiff's physician, Dr. Mauro, dated February 23, 2016.

   i. Dr. Mauro's February 23, 2016, letter stated Plaintiff's symptoms were aggravated by both sitting and standing and he recommended the application of intermittent offloading with supine positioning, rather than extended periods of standing and sitting as the most effective means of symptom control.

   ii. On or about June 15, 2016, Plaintiff received a letter from Ms. Dennis, where his request was denied stating in part that Defendant ". . . determined that the medical information provided does not support the requested accommodation."

      1. The letter from Ms. Dennis does not contain a reason for the denial of the reasonable and necessary accommodations and is in direct contradiction with Dr. Mauro's February 23, 2016 letter.

15. Plaintiff went out of work on or about October 11, 2016, because of hip pain, and a further examination on or about October 14, 2016, showed he had tightness in deep flexion.

16. Plaintiff was again examined on or about November 30, 2016, by Dr. Mauro and again by Dr. Shaffer on or about December 1, 2016.

17. On or about December 2, 2016, Dr. Mauro wrote a letter in support of a work at home accommodation.

18. Plaintiff was again denied Short Term Disability on December 27, 2016, under the Defendant's plan despite these aforementioned examinations and letters.

19. Plaintiff asked to work from home because it was becoming increasingly harder to concentrate when his pain levels were highly elevated. When working at home with a portable device, in a lying supine position, Plaintiff is allowed to work pain-free and without interruption by taking pressure and irritation off of his hips.

20. Although Defendant provided Plaintiff with other accommodations, it denied his request to allow him to work from home as an accommodation for his disability, which, given that his symptoms, including severe pain, are severely worsened if he is not permitted to sit in a supine position with his feet up (which is not possible when working in the office), is a reasonable and necessary accommodation under the circumstances.

21. Plaintiff worked from home in the past, without issues.

22. Plaintiff was able to complete all of the essential functions of his job while working from home.

23. Defendant failed to provide Plaintiff with reasonable and necessary accommodations, by refusing to allow him to work from home.

24. As a result of Defendant's failure to provide Plaintiff with reasonable and necessary accommodations, he has suffered an exacerbation of his symptoms, including but not limited to being forced to endure unbearable pain and discomfort.

25. As a result of this unbearable pain and suffering, Plaintiff was forced to work in unendurable working conditions. The conditions faced at work were so unpleasant and difficult that Plaintiff was forced to resign on January 30, 217 because he was not given the accommodations he needed.

## V. Causes of Action

### Count I

**Disability Discrimination (Failure to Engage in the Interactive Process of Accommodation) in Violation of the ADA and PHRA**

26. All other paragraphs of this pleading are incorporated herein as if set forth at length.

27. Plaintiff has a disability.

28. Plaintiff was able to perform his job.

29. Plaintiff has exhausted all administrative remedies.

30. Defendant failed to engage in the interactive process with Plaintiff to determine what reasonable and necessary accommodations he was entitled to, in violation of the ADA and PHRA.

31. Plaintiff on multiple occasions asked Defendant for the reasonable and necessary accommodation of working from home. Plaintiff asked for this accommodation on multiple different occasions because it was the only way he could get effective relief from his symptoms. Defendant denied every request for accommodation to work from home.

32. Instead of engage in the interactive process, the Defendant denied the Plaintiff's requests for accommodations, and did not further accommodate the Plaintiff when Defendant was made aware that their attempts at accommodation were not effective.

33. As a result of the lack of accommodation, Plaintiff was constructively discharged on January 30, 2017.

## Count II

**Disability Discrimination (Failure to Provide Reasonable and Necessary Accommodations) in violation of the ADA and PHRA**

34. All other paragraphs of this pleading are incorporating herein as if set forth at length.

35. Plaintiff has a disability.

36. Plaintiff was able to perform his job.

37. Plaintiff has exhausted all administrative remedies.

38. Plaintiff on multiple occasions asked Defendant for the reasonable and necessary accommodation of working from home. Plaintiff asked for this accommodation on multiple different occasions because it was the only way he could get effective relief from his symptoms. Defendant denied every request for accommodation to work from home.

39. Defendant denied the requests, and told Plaintiff that he could not work from home.

40. Plaintiff was able to perform the essential functions of his job at with the reasonable accommodation of working at home. When working at home Plaintiff reported a 0% loss.

41. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

42. Defendant's acts and omissions constitute an illegal failure to provide reasonable and necessary accommodations, in violation of the ADA and PHRA.

43. As a result of the lack of accommodation, Plaintiff was constructively discharged on January 30, 2017.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for all damages and other remedies for which Plaintiff is entitled to under each of the statutes cited in each of the above counts, including but not limited to the following:

a. Loss of wages/back pay;

b. Front pay as deemed appropriate by the court;

c. Compensatory and punitive damages against the Defendant as allowed by law;

d. Unpaid wages (including both wages that should have been paid at the regular rate, as well as wages that should have been paid at the overtime rate);

e. Liquidated damages;

f. Plaintiff's legal fees;

g. Pre-judgment and continuing interest;

h. Court costs; and

i. Other such relief as the Court may deem just and proper.

/s/ Christi Wallace
Christi Wallace, Esquire
KRAEMER, MANES & ASSOCIATES LLC PA
ID: 313721
US Steel Tower, 48th Floor
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5575 Direct
(412) 206-0834 Fax
cw@lawkm.com
